UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF LOUISIANA

SHREVEPORT DIVISION

| | |
|---|---|
| **GARY SIMS** | **CIVIL ACTION NO. 22-225-P** |
| **VERSUS** | **JUDGE DOUGHTY** |
| **SGT. WOODS, ET AL.** | **MAGISTRATE JUDGE HORNSBY** |

**REPORT & RECOMMENDATION**

In accordance with the standing order of this court, this matter was referred to the undersigned Magistrate Judge for review, report and recommendation.

**STATEMENT OF CLAIM**

Before the court is a civil rights complaint filed in forma pauperis by pro se plaintiff Gary Sims ("Plaintiff"), pursuant to 42 U.S.C. § 1983. This complaint was received and filed in this court on January 24, 2022. Plaintiff is incarcerated at the Caddo Correctional Center in Shreveport, Louisiana, and claims his civil rights were violated by prison officials. Plaintiff names the Caddo Correctional Center, Sgt. Woods, Medical Staff, Sgt. Lee, and Sgt. Stenson as defendants.

Plaintiff claims that on December 25, 2021, Sgt. Woods placed a Covid-19 positive inmate in his cell in the protection segregation unit. He claims he did not have Covid-19.

Plaintiff claims that on December 28, 2021, Sgt. Lee housed two behavioral management offenders in his cell. He claims both offenders were exposed to the Covid-19 virus because their cellmate tested positive for the virus. He claims he told Sgt. Lee not to

house the offenders in his cell because he did not have the virus. He claims that after being housed with these offenders for several days, one of them tested positive for Covid-19. Plaintiff claims he was a general population offender and should never have been housed with behavioral management offenders. He claims his life was placed in danger because of Defendants' negligence.

Accordingly, Plaintiff seeks monetary damages, training for the correctional officers, and for the Federal Department to take over the facility. For the following reasons, Plaintiff's complaint should be dismissed without prejudice for failure to exhaust administrative remedies pursuant to 42 U.S.C. § 1997e(a).

## LAW AND ANALYSIS

Congress has commanded that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. §1997e(a). Section 1997e requires Plaintiff to properly exhaust available administrative remedies before filing a Section 1983 suit. See Woodford v. Ngo, 126 S.Ct. 2378 (2006). This exhaustion requirement requires proper exhustion of administrative remedies in accordance with prison procedures, and an untimely or otherwise procedurally defective grievance or appeal will not suffice. Woodford, 126 S.Ct. 2378. The Fifth Circuit has applied the requirement to claims such as the use of excessive force, see Wendell, 162 F.3d at 887, and denial of medical care. See Harris v. Hegmann, 198 F.3d 153 (5th Cir. 1999). Failure to exhaust administrative remedies is an affirmative defense, and

"inmates are not required to specifically plead or demonstrate exhaustion in their complaints." Jones v. Bock, 549 U.S. 199, 216 (2007). However, dismissal may be appropriate when, the complaint on its face establishes the inmate's failure to exhaust. See Carbe v. Lappin, 492 F.3d 325, 328 (5th Cir.2007); Hicks v. Lingle, 370 Fed. Appx. 497, 498 (5th Cir.2010).

After reviewing Plaintiff's complaint, the court finds Plaintiff has failed to properly exhaust administrative remedies. Plaintiff admits his first grievance was denied because he did not state the time of the incident and his second grievance is still in the ARP process [Doc. 1, p.2].

Accordingly;

It is recommended that Plaintiff's complaint be **DISMISSED WITHOUT PREJUDICE** for failure to exhaust administrative remedies pursuant to 42 U.S.C. § 1997e(a).

## OBJECTIONS

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this report and recommendation to file specific, written objections with the Clerk of Court, unless an extension of time is granted under Fed. R. Civ. P. 6(b). A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof. Counsel are directed to furnish a courtesy copy of any objections or responses to the District Judge at the time of filing.

A party's failure to file written objections to the proposed findings, conclusions and recommendation set forth above, within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court. See Douglas v. U.S.A.A., 79 F.3d 1415 (5th Cir. 1996) (en banc).

**THUS DONE AND SIGNED**, in chambers, in Shreveport, Louisiana, on this the 16th day of March, 2022.

Mark L. Hornsby
U.S. Magistrate Judge